UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

*In re* BAYCOL PRODUCTS LITIGATION             MDL NO. 1431 (MJD/SRN)

**REPORT AND RECOMMENDATION**

This Document Relates to:

*Clare Nilson v. Bayer Corp., et al.*             Case No. 03-6479

---

No appearance on behalf of Plaintiff Clare Nilson

Susan Weber and James Mizgala, Esqs. on behalf of Defendant Bayer Corporation

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Clare Nilson  (Doc. No. 7).  This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

I.     INTRODUCTION

Defendant Bayer Corporation ("Bayer") moves this Court to dismiss this action with prejudice as a sanction under Federal Rule of Civil Procedure 37(b)(2)(C) for Plaintiff's failure to comply with a Court order compelling discovery.  On May 10, 2007, Bayer moved to compel Plaintiff to produce social security disability records, income tax returns, bills, medication information, and a handwritten Plaintiff's Fact Sheet.  Plaintiff did not oppose the motion, and this Court granted the motion on June

11, 2007.  Plaintiff has not produced any of the discovery, nor has Plaintiff filed an opposition to the motion for sanctions.

## II.     DISCUSSION

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice.  In pertinent part, the rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule    . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof."  Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party.  Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted).  While a district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue.  Id. (citations omitted).  Before imposing dismissal, a court must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available.  Id. (citations omitted).

In the present case, the Court issued an Order compelling Plaintiff to produce certain discovery, and Plaintiff failed to comply with that Order.  Given Plaintiff's failure to oppose either the motion to compel or the motion for dismissal, and having no basis to believe that Plaintiff did not know of the Order, the Court concludes that Plaintiff willfully violated the Order.  Further, Bayer has shown

the requisite prejudice. It is undisputed that Bayer is entitled to discover fundamental facts regarding Plaintiff's usage of Baycol, injuries, and damages. Plaintiff's failure to provide discovery relating to these issues makes it virtually impossible for Bayer to prepare an adequate defense to her claims. Hence, a sanction of dismissal of Plaintiff's claims is appropriate under these circumstances.

This Court must consider, of course, whether a lesser sanction against Plaintiff will cure the prejudice to Bayer. However, because Plaintiff did not provide the discovery as ordered and failed to oppose either the motion to compel or the motion for sanctions, the Court finds, in its discretion, that any lesser sanction would be futile. It is therefore recommended that Bayer's motion for dismissal be granted.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Clare Nilson (Doc. No. 7) be **GRANTED**; and

2. Plaintiff Clare Nilson's claims be **DISMISSED WITH PREJUDICE**.

Dated: August 3, 2007

 s/ Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 20, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.